## MARTIN v. GULF COAST ORCHARD & PRODUCTS CO.

(Circuit Court of Appeals, Fifth Circuit. March 23, 1922.)

No. 3799.

1. **Vendor and purchaser ⬉22—Description by reference to attached map is sufficient.**

A contract for the sale of a large body of land sufficiently describes the land, where it referred to a map attached thereto, on which were shown, in different colors, as designated by the contract, the several portions of the tract that were to be conveyed upon the making of payments specified in the contract, which map identified the land as completely as if a proper description of it had been set out in the contract.

2. **Vendor and purchaser ⬉187—Requirement of immediate deposit is waived by notice to make deposit before time therein stated.**

The requirement of a contract for the purchase of land that the purchaser shall make an immediate deposit of the first payment on the land is waived by the vendor's letter to the purchaser, stating that the contract would be regarded as rescinded unless the deposit was made within the time fixed in the letter, with which requirement the purchaser complied.

3. **Vendor and purchaser ⬉75—Contract held not to require additional payment and tender of trust deed before abstract was furnished.**

A contract for the purchase of a large tract of land, which required the purchaser to make a deposit of the initial payment, at which time the vendor was to execute and deposit in escrow deeds for the land, and the purchaser to execute and deposit in escrow notes for the deferred payments and a trust deed securing them, and to pay an additional $500 for a deed to 600 acres of land and an abstract showing the vendor's interest therein, did not require the purchaser to pay the additional $500 or

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to execute the notes and trust deeds until the abstract and the deeds were deposited by the vendor.

**4. Vendor and purchaser ⚞179—Deposit of payment in specified bank is not defeated by attempt to garnishee it.**

Where the purchaser had deposited in the specified bank the amount required as the first payment under the contract, to be delivered to the vendor on deposit by him in escrow of warranty deeds to the property, the purchaser's rights under the contract are not defeated by an attempt of a third party, in an action against the purchaser, to garnishee the deposit, especially where the writ of garnishment was dismissed without further action after the bank had answered it held the money as a deposit under the contract.

Appeal from the District Court of the United States for the Southern District of Mississippi; Rufus E. Foster, Judge.

Suit in equity for specific performance by E. L. Martin against the Gulf Coast Orchard & Products Company. Decree for defendant, and complainant appeals. Reversed.

By the bill in this case the appellant, E. L. Martin, sought the specific enforcement of a contract for the sale of land by the appellee, Gulf Coast Orchard & Products Company, to the appellant. That contract was made by the appellee accepting on May 7, 1919, a written offer submitted on that date by the appellant. By that offer, in which the appellant was referred to as the grantee and the appellee as the grantor, the grantee agreed to purchase for $68,000, upon terms and conditions set forth, property of the grantor situated east of Pascagoula, in Jackson county, Miss., known as the land of 'the grantor, containing 11,000 acres, more or less, which was identified on an attached blueprint map by being colored, part being green, part yellow, and part red.

The contract contained provisions to the following effect: Grantee will deposit, immediately upon the acceptance of the offer, with the Citizens' Bank & Trust Company of Louisiana, of New Orleans, La., $12,500, with instructions to pay the same forthwith when the abstract of title shall have been approved by grantee's attorney, and deed executed, and on delivery of the deed agrees to pay to grantor an additional $500, making a total cash payment of $13,000; grantor to deed to grantee, for a consideration of $13,000, free of all incumbrances, in fee simple, 1,120 acres colored in red on the annexed map. Balance of said property to be deeded for the sum of $55,000, represented by five promissory notes—one for $5,000, payable on or before 6 months after date of deed; one for $7,000, payable on or before 12 months after date of deed; one for $10,500, payable on or before 24 months after date of deed; one for $15,500, payable on or before 36 months after date of deed; and one for $17,000, payable on or before 48 months after date of deed. On payment of the two notes, for $5,000 and $7,000, respectively, grantor to release forthwith 1,640 acres, shown in green on the annexed map. On payment of third note, for $10,500, grantor to release 1,340 acres, shown in yellow on annexed map. Grantor agrees to release other designated land on payment of other notes. Grantor to deliver warranty deed to all of said land, except approximately 600 acres, not designated on said map, the location of which is to be shown in the abstract. Grantee to deliver to grantor deed of trust to secure abovementioned notes, and to contain prescribed provisions. The grantor is not to execute warranty deed to above-mentioned 600 acres, but to deed all its right, title, and interest therein, the deed to that land to set forth the period of the actual possession thereof of the grantor and its authors in title. At the time of the making of the deposit of $12,500, as provided for, the grantor to execute and deposit in escrow deeds, with full warranty, except as to above-mentioned tract containing approximately 600 acres, and the grantee to execute abovementioned notes and to execute and deposit in escrow with said Citizens' Bank & Trust Company deed of trust to secure said notes.

⚞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On May 27, 1919, the appellee sent to the appellant a communication which, after calling attention to appellant's failure to comply with the provision of the contract as to the deposit of $12,500 by the appellant, stated: "We beg to inform you that unless you deposit the twelve thousand five hundred ($12,-500.00) dollars in cash, stipulated in said agreement, in the Citizens' Bank & Trust Company of this city on or before 3 o'clock in the afternoon of Thursday, the 29th day of this month, the Gulf Coast Orchard & Products Company will consider your proposal and their acceptance at an end, and the proposal and agreement made by you the same as if it had never been made." Evidence adduced showed the following:

Before 3 o'clock on May 29, 1919, appellant made the deposit of $12,500 in the Citizens' Bank & Trust Company as required by the above-mentioned provision of the contract, and the appellee was immediately notified that the deposit had been made. Some time after that deposit was made, and notice of it was given to the appellee, in a suit in a Louisiana state court by one Bartee against the appellant, in which a writ of attachment was issued, the Citizens' Bank & Trust Company was cited as a garnishee to declare on oath what property belonging to the appellant it had in its possession, and in what sum it was indebted to the appellant. The answer of the garnishee showed that it held $12,500 under a deposit made in pursuance of the above set out provision of the contract. The suit in which the garnishment issued was withdrawn. The $12,500 has remained in the bank, subject to be paid as provided in the contract. Appellee did not furnish any abstract showing the 600 acres to be deeded without a warranty. The only abstract it furnished was one showing titles down to 1913. Before the above-mentioned garnishment was issued, appellant placed $500 in the hands of his attorney, and that attorney prepared a deed to the land called for by the contract, and the deed of trust and notes to be executed by the appellant, and notified the appellee that appellant was ready and willing to comply with the contract.

On July 24, 1919, appellee, by its president, sent to the appellant a letter of which, except the address and signature, the following is a copy: "I called at the Citizens' Bank, this city, to-day, with the deed, and as per agreement entered into between yourself and the Gulf Coast Orchard & Products Company, of which the writer is president, and was advised by Mr. Chas. Théard, the president of the Citizens' Bank & Trust Company, that the funds deposited by you ($12,500) in escrow had been seized by the civil sheriff for the parish of Orleans in a suit of J. Julian Bartee, receiver for the Great American Oil Company v. Yourself et al."

On August 25, 1919, appellee's lawyers sent to the appellant a letter, of which, except the address and signature, the following is a copy: "Mr. Thomas Kracke, president of the Gulf Coast Orchard & Products Company, has called upon us with regard to the transaction he had with you concerning the sale to you of certain lands in Jackson county, Miss., consisting of approximately ten thousand acres. It is now over one month since he gave you notice by registered mail of the seizure of the deposit of twelve thousand dollars ($12,000) made by you with the Citizens' Bank & Trust Company, of New Orleans, and he waited on you this length of time in order to give you an opportunity to replace this money, and since you have not done so, and have not carried out the contract to purchase these lands, and pay as per agreement, he now calls upon us in behalf of his company and asks that we give you notice, putting you in default and notifying you herewith that he considers the transaction closed with you, and will withdraw from the said Citizens' Bank & Trust Company all deeds and other papers."

T. W. Kracke, appellee's president, testified to the following effect: That he called at the Citizens' Bank & Trust Company on July 24, 1919, and presented a deed to that bank, and that the president, Mr. C. Théard, and Mr. St. Raymond, both stated that there were no documents, trust deed or notes, to be taken up there, and that there were no funds in the bank at that time; that he did not leave with the bank the deed he had, because there were no funds there, the funds having been garnisheed or attached. The just-mentioned testimony was in conflict with that of Charles Théard and Charles St. Raymond, each of whom testified that appellee never presented to the bank any deed as provided for in the contract, and that the $12,500 from the time it

was deposited remained in the bank, subject to be applied as provided in the contract.

By the decree appealed from the $12,500 deposited in the Citizens' Bank & Trust Company was adjudged to be the property of the appellant, and the bill was dismissed without prejudice.

W. J. Gex, of Bay St. Louis, Miss., and Johnston Armstrong, of New Orleans, La. (Charles Schneidau, of New Orleans, La., and Gex & Waller, of Bay St. Louis, Miss., on the brief), for appellant.

Eugene S. Hayford, of New Orleans, La., W. A. White, of Gulfport, Miss., and E. J. Ford, of Pascagoula, Miss. (White & Ford, of Gulfport, Miss., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge (after stating the facts as above). The action of the court in refusing to decree specific performance of the contract is sought to be sustained on the following grounds: (1) That the contract did not sufficiently describe the land which was the subject of it. (2) That appellant did not make the deposit of $12,500 at the time specified in the contract. (3) That the appellant failed to deposit the additional $500 and the notes and deed of trust at the time he deposited the $12,500. (4) That the service and pendency of the garnishment had the effect of preventing the payment of the $12,500 in pursuance of the contract. (5) That before this suit was brought the contract was canceled by the parties making another contract, containing different provisions and embracing additional land. The grounds mentioned will be considered in the above-stated order.

[1] 1. There was no insufficiency in the description of the land which the appellee agreed to sell to the appellant. The attached map, colored as above stated, identified it as clearly and completely as if a proper description of it had been set out in the written offer which was accepted.

[2] 2. The provision of the contract calling for an immediate deposit by the appellant of $12,500 was waived by appellee's letter of May 24, 1919. 36 Cyc. 716. The making of the deposit by the appellant within the time fixed by that letter had the effect of an estoppel on the appellee to complain of appellant's failure to make the deposit immediately.

[3] 3. Provisions of the contract plainly indicate that appellee was to furnish an abstract, showing the location of the 600-acre tract which was to be deeded without a warranty, before the appellant was required to pay the additional $500, and that it was not contemplated that appellant was to execute and deposit the notes and deed of trust provided for prior to the execution and deposit in escrow of appellee's deed, which was to be executed and deposited in escrow at the time of the making of the deposit of $12,500. Appellant was not put in default by failing to pay the additional $500 and to execute and deposit the notes and deed of trust provided for before appellee furnished any abstract or executed and deposited in escrow any deed, especially when appellant was ready and willing to perform his part of the contract, and notified the appellee to that effect.

[4] 4. By the deposit in bank of the $12,500 in the manner provided for by the contract the appellant parted with all control of that money, and the bank held it in trust, to be applied as provided in the contract. The right of the appellee to receive that money on complying with its part of the contract was not subject to be defeated by the garnishment, which was issued in the suit brought by a third party against the appellant. So far as appears, there was not, after the terms of the deposit were disclosed by the answer of the garnishee, any attempt to subject that deposit as property in the bank's possession belonging to the appellant, or to treat the bank as indebted to the appellant in the amount of the deposit; and the garnishment was discharged without anything having been done to prevent the money being applied in accordance with the terms of the deposit of it. The deposit having been made by the appellant in accordance with the agreement of the parties, it was not deprived of effect as a performance by the appellant in that regard by the abortive attempt of a third party to subject the money deposited by a garnishment proceeding. Equally ineffective was the attempt of the appellee to put an end to the contract because of an alleged default of the appellant which never occurred.

5. As to the claim that the contract sought to be enforced was canceled by the parties making another contract, it is enough to say that the evidence adduced was not such as to warrant a finding that the contract sued on has ceased to exist in the way claimed or in any other way. The pleadings and evidence show that the appellant has performed his part of the contract, except so far as performance has been prevented by conduct of the appellee, and that all along appellant has been willing, ready, and able to do all the contract requires of him. In our opinion the record discloses nothing to warrant a denial of the relief sought. Union Pacific R. Co. v. McAlpine, 129 U. S. 305, 9 Sup. Ct. 286, 32 L. Ed. 673; 25 Ruling Case Law, 271.

It follows that the decree appealed from should be reversed; and it is so ordered.

Reversed.